THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Bonnie R.,<br><br>Plaintiff,<br>v.<br><br>Frank Bisignano,<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-01008-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Bonnie R. appeals from the denial of her claim for supplemental security income benefits. After reviewing relevant authority, the administrative record, and the parties' memoranda, the court concludes the Administrative Law Judge (ALJ) failed to apply the proper legal standards and substantial evidence does not support the ALJ's decision. The court therefore reverses and remands the case for further consideration.[1]

## BACKGROUND

Plaintiff was diagnosed with non-Hodgkin's lymphoma in June 2014 and subsequently underwent chemotherapy. Following treatment, Plaintiff worked at a substantial gainful activity level until November of 2022, when symptoms of common variable immunodeficiency disorder caused by the chemotherapy treatment started to manifest.

Plaintiff applied for supplemental security income under Title XVI of the Social Security Act in 2023 and a hearing was held before an ALJ in May 2025. In applying the five-step sequential evaluation process for considering disability claims,[2] the ALJ found at step one that

[1] Plaintiff's Motion for Review of Social Security Agency Action is GRANTED. ECF No. 22.

[2] *See generally Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988); 20 C.F.R. § 404.1520(a)-(f).

Plaintiff had not engaged in substantial gainful activity since her application date. At step two, the ALJ found Plaintiff had the severe impairment of variable immunodeficiency disorder (VID). At step three, the ALJ determined Plaintiff's impairments or combination of impairments did not meet or medically equal a listed impairment.

Next, after considering the record, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found Plaintiff had the RFC to perform "light work" as defined in 20 CFR 416.967(b), with certain limitations.[3] At step four, the ALJ found Plaintiff unable to perform her past relevant work as a warehouse worker. Finally, at step five, relying on testimony from a vocational expert (VE), the ALJ found Plaintiff capable of performing other work existing in significant numbers in the national economy, such as electronics worker, electronics inspector, and wafer cleaner.[4] Therefore, the ALJ concluded Plaintiff was not disabled under the Social Security Act. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. This appeal followed.

## STANDARD OF REVIEW

The court reviews the Commissioner's decision to determine whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's factual findings.[5]

---

[3] [T]he claimant remains able to remain on her feet for four (4) hours in an eight- (8-) hour workday. She can occasionally climb ramps and stairs and occasionally balance, stoop, crouch, crawl, and kneel, but she is unable to climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to pulmonary irritants, such as heavy smoke or fumes, and she must avoid exposure to industrial hazards, such as moving construction machinery or unprotected heights. Mentally, she can understand, remember, and carry out simple and detailed instructions. Socially, she can tolerate occasional in-person contact with public, coworkers, and/or supervisors. Administrative Record p. 22 (hereafter R.).

[4] R. 26-27.

[5] *Chapo v. Astrue*, 682 F.3d 1285, 1287 (10th Cir. 2012).

"[A]n ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'"[6] "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close."[8]

"In the course of … review, [the court] may neither reweigh the evidence nor substitute our judgment for that of the agency."[9] However, the agency's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."[10]

**ANALYSIS**

On appeal Plaintiff raises three contentions of error in the ALJ's decision. First, the ALJ failed to consider her regular, ongoing, intravenous immunoglobulin treatments when considering listing 14.07A. Second, the ALJ erred by applying the wrong criteria when determining Plaintiff did not meet or equal Listing 14.07C. And finally, the ALJ erred by "cherry picking" among the medical evidence failing to consider evidence that supports a finding of disability. As set forth herein, the court is persuaded by Plaintiff's first two contentions of error and thus will remand the matter for further consideration. To begin however, the court rejects the Commissioner's assertion that "Plaintiff's contentions merely invite this Court to reweigh the evidence and should be rejected."[11] Plaintiff does not merely argue that the court should reweigh

---

[6] *Biestek v. Berryhill,* 587 U.S. 97, 102, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

[7] *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (citation modified).

[8] *Biestek*, 587 U.S. at 103, 108.

[9] *Frantz v. Astrue*, 509 F.3d 1299, 1300 (10th Cir. 2007) (citation modified).

[10] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

[11] Commissioner's Brief at 1, ECF No. 25.

the evidence. Rather, Plaintiff's arguments contend the ALJ failed to apply the proper legal standards and failed to explain how the evidence supports the ALJ's conclusions. In this case the Commissioner cannot simply rely on the well-established principle that the court may not reweigh the evidence on appeal. Plaintiff's arguments are more nuanced than simply asking the court to reweigh the evidence.

## I. Listing 14.07A

Plaintiff argues the ALJ committed reversible error at step three by failing to evaluate whether her ongoing, weekly Gammagard infusions meet or equal the intravenous treatment criteria of Listing 14.07A. Listing 14.07A provides

> Immune deficiency disorders, excluding HIV infection. As described in 14.00E. With:
>
> A. One or more of the following infections. The infection(s) must either be resistant to treatment or require hospitalization or intravenous treatment three or more times in a 12–month period.
>
> 1. Sepsis; or
> 2. Meningitis; or
> 3. Pneumonia; or
> 4. Septic arthritis; or
> 5. Endocarditis; or
> 6. Sinusitis documented by appropriate medically acceptable imaging.[12]

In evaluating Listing 14.07A, the ALJ concluded Plaintiff did not satisfy the listing because she "does not have the requisite number of hospitalizations."[13] The decision, however, contains no analysis as to whether Plaintiff's weekly Gammagard infusions satisfy the alternative "intravenous treatment" prong of Listing 14.07A.

[12] 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

[13] R. 20

In defense of the decision, the Commissioner argues that Plaintiff failed to establish that her sinusitis, which is evidenced in the record, was documented by medical imaging. Sinusitis was never "confirmed by x-ray, CT scan, MRI, or any other appropriate medical imaging"[14] and for a claimant to show that an impairment matches a listing, it must meet all the specified medical criteria. The problem with the Commissioner's argument, however, is that the ALJ did not make any findings as to medical imaging. It is a well-established principle of administrative law that agency decisions must stand or fall on the rationale articulated by the agency. Courts may not adopt post-hoc rationalizations to affirm an administrative decision where the agency itself failed to provide the necessary analysis. This "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."[15]

Here, the ALJ rejected Listing 14.07A based solely on the absence of hospitalizations without analyzing or making specific factual findings regarding Plaintiff's weekly infusions. Similar omissions have been held to constitute reversible legal error requiring remand.[16] The ALJ's failure to address the infusion prong leaves the court without a sufficient basis to determine whether proper legal principles were applied at step three.

## II. Listing 14.07C

Plaintiff next contends the ALJ erred by evaluating Listing 14.07C under improper criteria. Listing 14.07C requires repeated "manifestations of an immune deficiency disorder"

[14] Commissioner's Brief at 6, ECF No. 25.

[15] *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). *See also Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) ("post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance").

[16] *See, e.g., Racette v. Berryhill*, 734 Fed. Appx. 592, 596-97 (10th Cir. 2018) (reversing for specific findings at step three regarding Listing 14.07A).

with constitutional symptoms and marked limitations in activities of daily living, social functioning, or completing tasks in a timely manner.[17]

In the decision, after concluding that Plaintiff did not exhibit marked limitations under Listing 14.07C, the ALJ proceeded to conduct an extensive analysis using the "Paragraph B" and "Paragraph C" criteria applicable to mental disorders under Section 12.00 of the Listing of Impairments. The problem with this analysis is Plaintiff did not allege any mental impairments as the basis for her disability. Applying mental health criteria to evaluate a physical immune deficiency listing constitutes legal error. While the Commissioner points to evidence throughout the record regarding Plaintiff's daily activities, the ALJ's conflation of mental health listing criteria with the immune deficiency listing undermines the clarity and legal sufficiency of the step three findings. Even if the criteria are similar under Listing 12.00 and 14.07C, similarity itself, does not provide a sufficient basis under the Commissioner's cited authority to turn a blind eye to the ALJ's mistake when it is clear from the decision that the ALJ focused on "severe mental impairments"[18] that were never part of Plaintiff's basis for disability.

### III. Analyzing the evidence in the record

Finally, Plaintiff contends the ALJ impermissibly "picked and chose" evidence by citing isolated clinical notes describing her as "healthy appearing" to discount her post-infusion side effects, without explaining how multi-day post-infusion symptoms are consistent with the ability to sustain light work on a regular and continuing basis. Based on the other errors committed in the ALJ's decision, the court does not fully address Plaintiff's contention. However, upon remand, the ALJ is reminded that although not every piece of evidence needs addressing, "[i]t is

---

[17] 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

[18] R. 21.

improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."[19]

**CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff's Motion for Review of Social Security Agency Action is GRANTED and the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this decision.

DATED this 23 October 2026.

Dustin B. Pead
United States Magistrate Judge

[19] Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir.2004). *See also Carpenter*, 537 F.3d at 1265 applying the principle that an ALJ may not only pick and choose favorable evidence while ignoring other evidence).